**FILED**
**Aug 27, 2018**
**09:31 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



TENNESSEE BUREAU OF WORKERS' COMPENSATION<br/>
IN THE COURT OF WORKERS' COMPENSATION CLAIMS<br/>
AT KNOXVILLE

| | | |
|---|---|---|
| RICK O. MUNCY,<br>   **Employee,** | ) | **Docket No.: 2017-03-0447** |
| v. | ) | |
| PREMIUM DISTRIBUTORS, INC.,<br>   **Employer,** | ) | **State File No.: 54717-2016** |
| and | ) | |
| FFVA MUTUAL INSURANCE<br>COMPANY,<br>   **Carrier.** | ) | **Judge Lisa A. Lowe** |

## EXPEDITED HEARING ORDER
## GRANTING MEDICAL BENEFITS

This matter came before the Court for an Expedited Hearing on August 22, 2018. The central legal issue is whether Mr. Muncy is entitled to return to the authorized treating physician for evaluation of back pain. For the reasons below, the Court holds Mr. Muncy met his burden of establishing entitlement to a return visit with Dr. Gerald Russell for evaluation and treatment of any work-related back injury.

### History of Claim

Mr. Muncy delivered ice cream for Premium. On July 14, 2016, he began experiencing bilateral elbow and low back pain while unloading ice cream. Mr. Muncy selected Dr. Gerald Russell as his authorized treating provider.

Dr. Russell first saw Mr. Muncy five days later. At that visit, Mr. Muncy reported he initially felt low back pain but it improved. He denied back pain at that time. Dr. Russell referred him to orthopedist Dr. Ivy for treatment of his elbow. Dr. Ivy placed Mr. Muncy at maximum medical improvement for the elbow on November 2, 2017.

1

Mr. Muncy testified[1] his back symptoms persist. He requested an appointment with Dr. Russell for evaluation, but Premium refused. At the beginning of the hearing, Mr. Muncy requested a return visit with Dr. Russell. Mr. Muncy argued entitlement to a new panel of physicians due to Dr. Russell's bias and lack of credibility. He also made an oral motion for attorney's fees based on Premium's bad-faith denial of treatment.[2]

Premium acknowledged Mr. Muncy reported back pain but emphasized that his back pain resolved and he was not having any back pain just five days after the injury. Premium argued Mr. Muncy's current back symptoms are not related to the work injury. It relied on a medical questionnaire completed by Dr. Russell, who marked "no" to the question "Based on your evaluation and treatment of Mr. Muncy, is it your opinion to a reasonable degree of medical certainty that Mr. Muncy's current complaints remain a primary result [of] his alleged July 14, 2016 work injury." Dr. Russell added, "His primary complaint on 7-19-16 involved his elbows. He did mention low back pain. Most of his visits until his release on 8/10/16 were related to his elbow pain." Premium added that Dr. Russell's causation opinion is presumed correct and Mr. Muncy failed to provide a rebutting opinion.

## Findings of Fact and Conclusions of Law

Mr. Muncy has the burden of proof but need not prove every element by a preponderance of the evidence to receive relief at an expedited hearing. Instead, he must present sufficient evidence showing he would likely prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Applicable to this case, Tennessee Code Annotated section 50-6-204(a)(1)(A) (2017) requires an employer to provide employees "medical and surgical treatment . . . made reasonably necessary by accident."

Premium accepted Mr. Muncy's elbow injuries, but he also claimed injury to his back. The Court finds Mr. Muncy provided notice of his claimed back injury in the Employee's Report of Injury and at his first visit with Dr. Russell. When Mr. Muncy requested to return to Dr. Russell for his current back symptoms, Premium refused to schedule an appointment because it did not think his back symptoms were related to the work injury. Premium elected to send Dr. Russell a medical questionnaire rather than authorize a return visit. Dr. Russell provided an answer to the questionnaire.

Dr. Russell's causation opinion is presumed correct. Tenn. Code Ann. § 50-6-102 (14)(E). However, the Court rejects the presumption in this case. The questionnaire

---

[1] Mr. Muncy provided affidavit testimony; he did not provide live testimony at the hearing. Premium argued it was entitled to call him as a witness at the hearing. However, the Court sustained Mr. Muncy's objection because Premium failed to list him as a witness in its response to the expedited hearing.

[2] The Court will not address the attorney fee issue at this time, since no motion or affidavit is currently before the Court. Should Mr. Muncy wish to file a motion following the issuance of this order, he may.

specifically asked about Mr. Muncy's "current complaints." Dr. Russell answered the question, even though he last saw Mr. Muncy two years ago. The Court questions how Dr. Russell could know what Mr. Muncy's "current complaints" are and assess whether they are related to the work injury when he last saw Mr. Muncy so long ago.

Dr. Russell additionally acknowledged that Mr. Muncy mentioned back pain but that most of the visits related to his elbow pain. The Court finds that statement non-responsive or at least non-determinative of whether Mr. Muncy sustained a work-related back injury that currently necessitates treatment.

Since Dr. Russell lacks knowledge or information of Mr. Muncy's current back complaints, whether Mr. Muncy's alleged back complaints resulted in a compensable injury has yet to be determined. For these reasons, the Court holds Mr. Muncy presented sufficient evidence entitling him to evaluation by Dr. Russell for treatment of any work-related back injury. *See Lewis v. Molly Maid,* 2016 TN Wrk. Comp. App. Bd. LEXIS 19, at *8-9 (Where an employee came forward with sufficient evidence to support a conclusion that she experienced back pain, while this evidence was insufficient to establish the compensability of her claim by a preponderance of the evidence, it was sufficient to support an order compelling the employer to provide medical benefits.). However, Mr. Muncy failed to demonstrate entitlement to a new panel of physicians.

**IT IS, THEREFORE, ORDERED** as follows:

1. Premium Distributors shall provide Mr. Muncy with a return visit to Dr. Russell to evaluate and treat any work-related back injury.

2. This matter is set for a Status Conference on October 22, 2018, at 9 a.m. Eastern Time. The parties must call 865-594-0109 or 855-383-0003 toll-free to participate in the Status Conference. Failure to appear by telephone may result in a determination of the issues without the party's participation.

3. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.** For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

**ENTERED on August 27, 2018.**

_Lisa A. Lowe_

**LISA A. LOWE, JUDGE**
**Court of Workers' Compensation Claims**

## APPENDIX

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employee's Brief in Support of Request for Expedited Hearing
5. Employer's Response in Opposition to the Employee's Request for Expedited Hearing
6. Notice of Filing Medical Questionnaire
7. Employer's Pre-Hearing Brief

Exhibits:

1. Panel of Physicians, Form C-41, Selection Date of August 1, 2016
2. Medical Reports of Dr. Gerald Russell, Farragut Family Practice
3. Affidavit of Rick O. Muncy
4. Employee's Report of Injury Form
5. Medical Questionnaire of Dr. Gerrard Russell, June 4, 2018

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on August 27, 2018.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Ameesh Kherani, Employee's Attorney | | | X | akherani@davidhdunaway.com |
| Tiffany B. Sherrill, Employer's Attorney | | | X | TBSherrill@mijs.com |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**

5